UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

TERESA M. POZNICH,

Plaintiff,

v.

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,

Defendant.

_________________________________________)

## COMPLAINT

The Plaintiff, TERESA M. POZNICH ("POZNICH"), by and through her undersigned counsel, hereby sues LIBERTY LIFE ASSURANCE COMPANY OF BOSTON ("LIBERTY MUTUAL"), and alleges as follows:

## JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. POZNICH brings this action to recover long-term disability ("LTD") benefits due to her under the terms of an employee welfare benefit plan, to enforce her rights under the plan and to clarify her rights to benefits under the terms of the plan.

2. POZNICH was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. LIBERTY MUTUAL is a corporation with its principal place of business in the State of Massachusetts, authorized to transact and is transacting business in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, LIBERTY MUTUAL, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida.

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to POZNICH by LIBERTY MUTUAL.

6. POZNICH was at all times material an employee of Wal-Mart Stores Inc.

7. POZNICH was at all times material a plan participant under Wal-Mart Store, Inc.'s Group Disability Income Policy, Policy number GF3-850-290765-01 (the "LTD Plan"), which was established by Wal-Mart Stores Inc. and pursuant to which POZNICH is entitled to benefits. A copy of the LTD Plan has been attached hereto as Exhibit "A."

8. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. LIBERTY MUTUAL is the insurer of benefits under the LTD Plan and was the Plan Administrator or was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, LIBERTY MUTUAL effectively administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, LIBERTY MUTUAL is not entitled to a deferential standard of review.

11. Pursuant to the terms and conditions of the LTD Plan, POZNICH is entitled to LTD benefits for the duration of her disability, for so long as she remains disabled as required under the terms of the LTD Plan.

12. According to the LTD Plan,

> **"Disability"** or **"Disabled"** means:
>
> 1. For persons other than truck drivers, pilots, co-pilots, and crewmembers of an aircraft:
>
> i. that during the Elimination Period and the next 12 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and
>
> ii. thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.

13. Since approximately January 10, 2014, POZNICH has been disabled under the terms of the LTD Plan.

14. Shortly after becoming disabled, POZNICH made a claim to LIBERTY MUTUAL under the LTD Plan for disability benefits.

15. LIBERTY MUTUAL originally approved POZNICH's claim for LTD benefits and paid benefits through May 20, 2015.

16. Subsequently, LIBERTY MUTUAL terminated POZNICH's LTD benefits beyond May 20, 2015.

17. POZNICH timely and properly submitted an appeal of LIBERTY MUTUAL's May 21, 2015 denial.

18. By letter dated December 30, 2015, LIBERTY MUTUAL determined POZNICH was eligible for LTD benefits for the period of May 21, 2015 through July 3, 2015 but maintained its denial of benefits beyond July 3, 2015 and advised POZNICH that she had exhausted her administrative remedies and no further review would be conducted by LIBERTY MUTUAL.

19. At all relevant times, POZNICH complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

20. Since January 10, 2014, as a result of injury or sickness, POZNICH has been unable to perform the material and substantial duties of her own occupation.

21. Since January 10, 2014, as a result of injury or sickness, POZNICH has been unable to perform, with reasonably continuity, the material and substantial duties of any occupation, as defined by the policy.

22. At all relevant times, POZNICH has been under the regular care of a doctor.

23. At all relevant times, POZNICH was a Covered Person under the LTD Plan.

24. Through the present date, POZNICH has not received benefits owed to her under the LTD Plan despite POZNICH's right to these benefits.

25. LIBERTY MUTUAL has refused to pay POZNICH's LTD benefits.

26. At all relevant times, LIBERTY MUTUAL was the payer of benefits.

27. At all relevant times, LIBERTY MUTUAL was the "Insurance Company" identified throughout the LTD Plan.

28. At all relevant times, LIBERTY MUTUAL was the Plan Administrator and/or named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

29. At all relevant times, POZNICH has been and remains Disabled and entitled to LTD benefits from LIBERTY MUTUAL under the terms of the LTD Plan.

30. POZNICH has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

## CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)

31. POZNICH incorporates Paragraphs 1 through 30 as if fully set forth herein.

32. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

33. Pursuant to 29 U.S.C. §1132(a)(1)(B), POZNICH, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

34. POZNICH has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of LIBERTY MUTUAL's failure to pay her disability benefits.

35. POZNICH has exhausted all administrative remedies under the LTD Plan.

36. Defendant breached the LTD Plan and violated ERISA in the following respects:

(a) Failing to pay LTD benefit payments to POZNICH at a time when LIBERTY MUTUAL knew, or should have known, that POZNICH was entitled to those benefits under the terms of the LTD Plan, as POZNICH was disabled and unable to work and therefore entitled to benefits.

(b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of POZNICH's claim for LTD benefits;

(c) After POZNICH's claim was terminated in whole or in part, LIBERTY MUTUAL failed to adequately describe to POZNICH any additional material or information necessary for POZNICH to perfect her claim along with an explanation of why such material is or was necessary.

(d) LIBERTY MUTUAL failed to properly and adequately investigate the merits of POZNICH's disability claim and failed to provide a full and fair review of POZNICH's claim.

37. POZNICH believes and thereon alleges that LIBERTY MUTUAL wrongfully terminated her claim for disability benefits under the LTD Plan by other acts or omissions of which POZNICH is presently unaware, but which may be discovered in this future litigation and which POZNICH will immediately make LIBERTY MUTUAL aware of once said acts or omissions are discovered by POZNICH.

38. Following the termination of benefits under the LTD Plan, POZNICH exhausted all administrative remedies required under ERISA, and POZNICH has performed all duties and obligations on her part to be performed under the LTD Plan.

39. As a proximate result of the aforementioned wrongful conduct of LIBERTY MUTUAL, POZNICH has damages for loss of disability benefits in a total sum to be shown at the time of trial.

40. As a further direct and proximate result of this improper determination regarding POZNICH's claim for benefits, POZNICH, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), POZNICH is entitled to have such fees and costs paid by LIBERTY MUTUAL.

41. The wrongful conduct of LIBERTY MUTUAL has created uncertainty where none should exist, therefore, POZNICH is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

**REQUEST FOR RELIEF**

WHEREFORE, TERESA M. POZNICH prays for relief against LIBERTY LIFE ASSURANCE COMPANY OF BOSTON as follows:

1. Payment of disability benefits due Plaintiff;
2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;
3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;
4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;
5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and
6. Such other and further relief as this Court deems just and proper.

DATED: February 16, 2016

ATTORNEYS DELL AND SCHAEFER,
CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
(954) 620-8300

*S/ Alexander A. Palamara*

ALEXANDER A. PALAMARA, ESQUIRE
Florida Bar No: 0037170
Email: alex@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: gdell@diattorney.com